Per Curiam.

Respondent contends (1) that a Municipal Court judge is not required to retain his privilege to practice law during his entire term of office; (2) that an indefinite suspension from the practice of law is not a ground for removal of a judge under the Code providing for forfeiture of office for misconduct; and (3) that quo warranto is not the proper remedy.
The first contention involves the construction of Section 1901.06, Revised Code, which reads in part as follows:
“A municipal judge during his term of office shall be a qualified elector and a resident of the territory of the court to which he is elected or appointed, and shall have been admit *340 ted to the practice of law in this state * * (Emphasis added.)
The language emphasized above has been interpreted by this court to mean that “judges who are required by statute to be attorneys at law must necessarily maintain their status as members of the legal profession.” Mahoning County Bar Assn. v. Franko, supra, paragraph five of the syllabus. In the opinion, on page 23, it is stated that, ‘ ‘ since a judge is required by statute to be an attorney at law, it is clear that he must necessarily maintain his privilege to practice law, i. e., his membership in the legal profession.” It follows that an indefinite suspension from the practice of law works a forfeiture of the office of municipal judge and is a ground for removal.
The revocation of respondent’s status as a member of the legal profession by this court in Mahoning County Bar Assn. v. Franko, supra, worked such forfeiture of office, and, accordingly, under the provision of Section 2733.01, Revised Code, that quo warranto may be brought “against a public officer * * * who does or suffers an act which, by law, works a forfeiture of his office,” quo warranto is the proper remedy here.
The demurrer to the petition is overruled and respondent given leave to answer, and in default of answer by January 1, 1959, a judgment of ouster will be entered.

Demurrer overruled.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.